NO. 07-00-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2000



______________________________




WILLIAM CASH LOVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;



NO. B3254-9907CR; HONORABLE JACK MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO SUSPEND OPERATION OF TEX. R. APP. P. 21.8


 Appellant William Cash Love applies by motion for this court to suspend operation
of Texas Rule of Appellate Procedure 21.8 (1) and to thereby extend the time for the trial
court to rule on his Amended Motion for New Trial before it is overruled by operation of
law. We deny the motion.

FACTUAL AND PROCEDURAL BACKGROUND

 Appellant alleges by a motion filed with the clerk of this court on April 13, 2000, that
sentence was imposed in this matter on January 29, 2000. He further alleges that notice
of appeal was timely filed, motion for new trial and amended motion for new trial were
timely filed, and that hearing was held on the amended motion for new trial on April 12,
2000. In his motion, appellant alleges that attorneys for the State and appellant agreed
to a schedule for presenting a transcript of the hearing on the motion for new trial and
briefs respecting positions of the parties to the trial court, and that the trial court accepted
the agreement in lieu of making a ruling on appellant's motion for new trial at the time of
the hearing on April 12, 2000. The agreed schedule provided for the trial court to rule on
appellant's amended motion for new trial sometime after May 15, 2000. 

 Rule 21.8(a) and (c) result in appellant's amended motion for new trial having been
overruled by operation of law upon the expiration of 75 days following January 29, 2000,
when sentence was imposed, unless the trial court ruled on the motion within such 75-day
period. The 75-day period expired on April 13, 2000. 



LAW

 In Oldham v. State, 977 S.W.2d 354 (Tex.Crim.App. 1998), the Court of Criminal
Appeals considered a cause in which the court of appeals suspended the provisions of
then Rule 31(a)(1) which required a motion for new trial to be filed within 30 days after
sentencing of the defendant. The suspension was under provisions of Rule 2(b), which
was the predecessor rule to current Rule 2. The suspension was based on "good cause"
in that appellant Oldham had allegedly been deprived of counsel in violation of her
constitutional rights, and had not filed a motion for new trial in regard to her forgery
conviction. The court of appeals abated and remanded the case so that appellant could
file a motion for new trial to assert the constitutional violation. Oldham v. State, 977
S.W.2d at 355-57. The Court of Criminal Appeals, in reversing the decision of the court
of appeals, stated that 

 In essence, the Court of Appeals used Rule 2(b) to extend the time limit for
the filing of the appellant's motion for a new trial some two years and eight
months, this being the time from the appellant's sentencing to the date of the
Court of Appeals' decision. . . . We believe the Court of Appeals was in error
to rely on Rule 2(b) as a mechanism to extend the time limits for the filing of
a motion for a new trial imposed by Rule 31(a)(1). . . . Rule 2(b) is in
essence an escape valve to be used by an appellate court when a case
becomes unduly stalled or delayed in the appellate process due to
procedural rules, and the interests of justice compel speeding up the
process; although Rule 2(b) may be used to shorten the time limits when
justice so requires, it should not be used as a method to lengthen procedural
time limits absent truly extraordinary circumstances, even in an effort to
protect the substantive rights of litigants. Oldham v. State, 977 S.W.2d at
356, 360.


 In State v. Riewe, No. 699-99 (Tex.Crim.App. Mar. 8, 2000), the court reiterated its
statements in Oldham to the effect that Rule 2 is not to be used to enlarge timeframes
established by the appellate rules for appeals: "[Rule 2] was not intended to be used to
lengthen procedural time limits, even in an effort to protect the substantive rights of
litigants."

ANALYSIS

 Granting appellant's motion would expand the time limits established by the TRAP
for appellant's appeals process. As Rule 2 has been interpreted in Oldham and Riewe,
we cannot suspend the operation of Rule 21.8 and extend the time for the trial court to rule
on appellant's amended motion for new trial under the circumstances presented by
appellant. Thus, assuming appellant, the State, and the trial judge agreed on the proposal
as described in appellant's motion, we still must, and therefore do, deny appellant's
motion. 

 Per Curiam


Do not publish.

1. Further references to the rules of appellate procedure will be by reference to "Rule"
or "TRAP."


)(2) (Vernon 2003). Further discussion of the charge will focus on the
elements necessary to establish the offense of assault. See Tex. Pen. Code Ann. §
22.01(a) (Vernon 2003). Further reference to sections of the Penal Code will be by
reference to "section __." 
2. The Penal Code indicates that a person commits the offense of assault by
intentionally, knowingly, or recklessly causing serious bodily injury to another, see section
22.01(a)(1), intentionally or knowingly threatening another with imminent bodily injury, see
section 22.01(a)(2), or intentionally or knowingly causing physical contact with another
when the person knows or should reasonably believe that the other will regard the contact
as offensive or provocative, see section 22.01(a)(3).